Good morning. Yes, I can, Your Honor. Okay, then, Mr. Ahmad, you may proceed whenever you're ready. Thank you, Judge Miller. Good morning. May it please the Court. My name is Sid Ahmad. I'm with Hunton Andrews Kurth on behalf of the appellants Bliss Sequoia and Huggins Insurance. I'd like to reserve four minutes for rebuttal, please. Okay, just keep an eye on the clock. Will do. This appeal presents a question about interpreting insurance policy language for an ongoing underlying lawsuit against two insurance agents called Bliss Sequoia and Huggins Insurance. Under the governing Oregon law, the framework for interpreting insurance policies is straightforward. When interpreting a policy, courts look to the plain meaning of the terms in question. If that language is clear, that is the end of the analysis. The court would apply the clear, plain language without resorting to extrinsic evidence and other canons of construction. I'd refer the court to the Hoffman and Ortiz decisions for those points. In addition, Ortiz tells us that when you're looking at the plain meaning of policy terms, you do that by reference to the usual source of ordinary meaning, which is the dictionary. Here, the dictionary definition of the relevant language is at odds with the district court's interpretation as I'll explain. First, just a brief background. Mr. Ahmad, we also have some Oregon cases that we must look to as well, not just the dictionary. Do you agree? I agree. I agree with that, Your Honor. I assume you're referring to Holman Erection, which is one of the two cases that the district court relied on, and Holman Erection is the only Oregon case. However, I don't believe Holman Erection provides the answer, so it's fine to look at it, but it doesn't give us guidance on what we should do here. The specific issue in here, rather than Holman Erection, the question was if you can satisfy the because of bodily injury requirement because the occurrence that was at issue in that case that the policyholder argued wasn't what we're arguing in this case, the underlying bodily injury. Instead, what the policyholder in Holman Erection argued was that the occurrence is the inadequate advice by an agent provided to the customer. That's not the argument that's being raised here, and in fact, even allies conceded in the district court and have conceded here that Holman Erection is not directly on point. A couple of other reasons why we think Holman Erection doesn't give you the answer. The first one is you have to apply the plain meaning of the term because bodily injury. Again, even though the issues don't line up, the court in Holman Erection did not address the plain meaning. For example, we have cited to a number of dictionary definitions and cases, both from the U.S. Supreme Court and this court, which apply a but-for causation standard for the because of bodily injury language. That's something that Holman Erection did not consider, and that was not an argument and authority that was cited to that court. Why do you think that a pure but-for-cause test is the plain meaning of because of? I mean, it's pretty unusual in the laws. I mean, as I learned in first year torts, a pure but-for causation extends causation to some pretty remote places, and so usually in the law, there's some requirement of approximate causation. Why do you think that it's pure but-for here? John, I think it's pure but-for here because those are the terms that were used by Allied, which when you apply the plain meaning of the terms Allied selected, call for a but-for test. I agree with you that in certain tort concepts, criminal law contexts, the test may be different, but there you're not dealing with the language that's at issue in this case. However, the contract here that Allied drafted uses the term because of. When you're going to determine what the plain meaning of because of is, you go to the dictionary. We've cited a handful of dictionaries, all of which point to the meaning of because of being by reason of or on account of. Allied does not dispute that that's the plain meaning. Now, when you look at the case law, the Bostock case from the U.S. Supreme Court, as well as a number of cases in a variety of different contexts that we've cited, I refer the court to page 14 in our open brief, that plain meaning of because of is equated with but-for causation, and it's equated with but-for causation in a variety of contexts. We cited a case interpreting a tolling statute. We cited a case interpreting a consumer protection statute, a tax regulation, and even in the context, there's one of the decisions that we cited involved an asbestos removal agreement because the parties in that case decided to use these terms because of, by reason of, or on account of, and the applicable law requires you apply the plain meaning, the court in all of those decisions gave those terms the plain meaning. If I may interrupt you, just the plain meaning of because of in everyday conversation, I mean, we don't usually equate that with but-for, it's more of approximate causation. I mean, you know, where is the logical endpoint of this? Because, I mean, if you think of just, I mean, would we say the United States got involved in World War II because of the assassination of but-for World War I? I mean, some logical sense, maybe, but I don't think we would ever use because of in such a broad but-for way, just the plain meaning of it. I think because of, we think of something directly related to or more of an approximate causation. Your Honor, if the meaning allied wanted to ascribe to because of was directly related to or approximate causation, it could have used those terms, but Oregon law teaches us. But if we look at the language and the policy that says something along the lines of, you know, when someone becomes legally obligated to pay damages because of bodily injury, doesn't reference to legally obligated to pay damages at least seem to suggest there has to be some kind of more of a direct connection between bodily damages and the legal obligation to pay? I do not believe so, Your Honor, because the legal obligation, the legally obligated to pay is one part of the equation. The second part is what led to that liability. The only thing allied chose to tell us in that situation is the liability has to be because of bodily injury. And because of the plain meaning is but-for causation, then under Oregon law, that should be the beginning and the end of the analysis. Now, there are other parts of the policy. Counselor, if I interrupt, you mentioned Oregon law, and that was the basis of my original question to you. My question specifically is what Oregon case or cases are you relying on to support that position? You've already distinguished home and election, erection, but what case should we be looking at to determine whether your invocation of Oregon law is supportable? I think you should look at the Hoffman and Ortiz decision, which admittedly don't talk about this specific provision, but they give you the principles under Oregon law through which you should be analyzing this issue. And what Hoffman and Ortiz tell us is it's a three-step analysis. The first step is you look at the plain meaning. And where do you go to look at the plain meaning? You go to the dictionary. If the plain meaning is clear, the Oregon Supreme Court and the mid-level appellate court in these two cases have said, you stop. You do not need to look further and consider other contexts for evidence. Oregon courts have said in Hoffman, Ortiz, and other cases that we've cited, plain meaning is the beginning and the end of the analysis if the language is clear. And here we've cited the dictionary and case law in a variety of different contexts, including in the insurance context where because of, in the recent McDonald's case, where because of has been given this same plain meaning, which does not change from one context to the other. So I would encourage the court to look at Hoffman and Ortiz in particular. And importantly, Allied does not, I don't think, disagree with us that this is in fact, but for causation. What Allied is arguing and what the district court relied on was that it added a new requirement under the policy that the bodily injury has to be caused by the insured in some manner. And we think that was Elonia. Can I ask you, I'm sorry to interrupt again, just to ask you a hypothetical to understand how you're applying causation here. So suppose that you had the identical policy language, but the policy holder is a law firm and they do bankruptcy law and they're advising the trustee in a bankruptcy proceeding and they do something wrong. So they get sued by malpractice or they get sued for malpractice. I take it, you would say I think we would all say that's not caused by bodily injury or that it's not because of bodily injury. But if I then told you that it turned out that the reason that the company that was bankrupt was bankrupt was because they had made defective products that injured people and they had to pay out a lot of tort judgments. I guess your position would have to be, well, this whole proceeding is only taking place because of these port judgments that are because of bodily injury and therefore the malpractice committed in the course of that proceeding is within the scope of the policy. Is that how we would read the policy in that context? I think you would read it in that context, but only as to the, because of requirements. Remember this policy spans more than a hundred pages. In the hypothetical you've mentioned, I can think of some scenarios and some exclusions that would come into play and allies would not have to provide coverage. Let's not lose sight of the fact that the only issue we're arguing here is because of, and that's because all of the other requirements are satisfied in that hypothetical and the hypothetical about World War I and World War II, there may well be a number of other requirements that have to be satisfied because the policy lists them. There may be a number of other exclusions that could bar coverage because the policy lists those. So by answering this question and reversing in a way that applies to plain meaning, you're not opening the floodgates to all of those other claims, because remember there are a bunch of other requirements in the policy. It just so happens in this case, the only one allied has pointed to as a problem with coverage is the because of language. That doesn't mean if you apply the plain meaning of because of every single other claim in those hypotheticals is automatically covered because there are indeed a number of other hoops that insurers would have to go through to coverage for those claims, just like this one. I see that I've exceeded my time. So I'll stop there and let the other questions and I'm happy to answer other inquiries at the rebuttal. Okay, we can save the remaining time for rebuttal and we'll hear next from Mr. Mooney. Please the court. Good morning. I'm Owen Mooney and I represent Allied Property Casualty Insurance Company, this matter. This matter presents a coverage under CGL policy, namely it's coverage for bodily injury and property damage liability. That's the section of the policy in which we are determining coverage. It involves claims against me, counsel, but I'm counsel. I'm sorry, I'm having difficulty hearing you. I wonder if it's a matter of getting closer to the microphone or sure. Can you hear me better now? That is better. Thank you. Okay, thank you. I'm sorry about that. So involves claims against insurance regarding liability and damages, not because of bodily poor performance in the provision of professional risk management and insurance brokerage services, namely an alleged failure to procure sufficient liability insurance coverage for others. This then presents circumstances like those addressed in the data for ascertaining Oregon law, namely the appellate court opinion of Holman Erection Company and in persuasive case law consistent with Holman in which judges addressed similar circumstances and found no liability coverage. The same result should be here and this court should affirm the federal district court's order. And going forward, I'd like to focus on three reasons among the reasons set out in the briefing as to why this court should affirm the federal district court's determination. One, the data of Oregon law, namely Holman and its determination of no coverage, which cannot be disregarded by this court. Two, persuasive authority consistent with the result of Holman in addressing circumstances like these and addressing policy language similar to this, in which those judges likewise found a lack of coverage. And three, that Bliss, Sequoia, and Huggins present an inherently unreasonable interpretation of the policy, namely based on how courts have discussed the term because of in context far different than what we're dealing with here. So first Holman, we're in diversity jurisdiction and as demonstrated by the briefing, we're without a state Supreme court opinion to provide some guidance here, but we have an intermediate appellate court opinion and that is the data for ascertaining law. And unless there's other persuasive data to suggest or show that the state Supreme court would decide otherwise, that data can't be disregarded. Now, Holman addressed circumstances much like these. It found no duty to defend and that coverage does not extend to a suit to recover damages because of an insurance failure to procure insurance for another, even where bodily injury was in the chain of events before the suit. Now I understand that Bliss, Sequoia, and Huggins, excuse me, takes the position that footnote number eight in that opinion reflects that the court was addressing a different argument than they are serving here and that the opinion is narrower because of that argument. I submit, however, that the body of the opinion, in addition to footnote eight, speaks for itself. The court, in the body of its opinion, decided an absence or determined that there was an absence of a duty to defend in circumstances much like this. And in so doing, it referred to both the property damage and bodily injury components of the liability insurance company making that determination. The opinion then should speak for itself. If I may interrupt would you oppose certifying this case to the Oregon Supreme Court to clarify this if we think the case law isn't clear? I think the case law is clear because I think we have additional persuasive data here that further identifies the rationale for why coverage should not exist here. And so I think right now that this court has before it an intermediate appellate court opinion in conjunction with opinions elsewhere in the country that are persuasive regarding similar circumstances and so the court should have enough before it to make the determination. Aren't there problems of consistency with Holman and Hoffman? Hoffman, Holman and Hoffman? Yes. It raises the same question that Judge Lee has raised. I'm not persuaded that we have some very clear messaging from the Oregon cases such that perhaps since this is a matter in general commercial practice in which this would not be the only case in which we'd have to deal with but for and because of, the best thing to do would be to let the Supreme Court of Oregon tell us precisely what is a controlling law because I'm not convinced that we have that set out so far. I feel like the analysis is one in which we got a data point that is Holman and Holman had before a bodily injury in the chain of events before the suit against the insured the suit regarding that insurance failure to procure insurance policy before another and in so doing within its analysis it referred to both bodily injury component and the property damage component of the insurance policy. Now that's one data point so how could this court further determine what the result should be here? Well let's look at the other data points namely persuasive case law addressing similar circumstances addressing similar policy and by and large the persuasive case law on the table here is siding with our position that there just is simply no coverage one of which is the PCR venture of Phoenix case. In there like Holman even though a bodily injury lied somewhere in the chain of events leading up to the lawsuit against the insured that did not trigger the insuring agreements the CGL policies at issue language similar to what we have here. Now there there's a bit of rationale stated in the opinion not expressly found on Holman but nonetheless is consistent with the result of Holman and that rationale is even though there was this bodily injury in the chain of events there cannot be coverage. The claims the allegate the claims and allegations for for the damages are not premised on the bodily injury. They're because of something else not found in the insuring agreement and in so determining this failure to procure an insurance policy was outside the scope of insuring agreement insuring agreements similar to this one. We also have the case of Horstman's benevolent also in California making a similar determination and in so doing that court readily saw a distinction between claims against parties because of the bodily injury and claims against the insurer because of alleged misrepresentation fraud in connection with an insurance policy and so we've got persuasive cases where the rationale is more clearly stated than that in Holman but it's consistent with the result of Holman and by and large the only cases on the table here similar to circumstances that with which we are dealing namely an insured that failed to procure sufficient insurance coverage for another or cases indicating that this does not fall within the insurance agreement. Now I want to talk about because of peace because of in this case appears in an insuring agreement for bodily injury and property damage liability that's where because of appears and it appears within an insuring agreement regarding a legal obligation to pay sums as damages because of bodily injury whose legal obligation the insurance legal obligation we're dealing with because of in a policy that's foreseeing liability for the insured we're not dealing with because of in other contexts for for example we have seen in the briefing the reliance by Bliss Sequoia and Huggins on the Bostock decision in the United States Supreme Court that case addressed the phrase because of in the context of a statute in Title VII of the Civil Rights Act governing the legality of employment decisions and discrimination in the workplace a statute for which the meaning must be determined under the ordinary public meaning at the time of its enactment long ago and that statute in particular was about making it unlawful for an employer to fail or freeze to hire or discharge any individual or otherwise to discriminate against any individual because of that individual's race color religion sex or national origin and within that case in particular the court determined that an employer had violated Title VII when it intentionally fired an individual employee based in part on sex regardless of whether other factors contributed to the decision that statute serves a far different purpose than the insuring agreement that we are dealing with in this case that statute is using because of to to to govern the legality of decisions in the workplace and discrimination for which the court determined about for cause would be appropriate in that context but we're not dealing with an insuring agreement that's defining or setting out the legality of discriminatory acts or even acts in and of themselves these this insuring agreement uses because of in describing the nature of the liability and damages for which coverage may apply and in those contexts we're sitting in that context we have numerous persuasive cases outside of Oregon consistent with the determination made in Holman the data for Oregon law absent cases that could suggest that the state supreme court of Oregon would decide otherwise Holman in conjunction with these other persuasive cases cannot be disregarded okay can I just I just want to be clear on what your position is good could you just sort of say what I mean this is the the liability here I I I take it you don't dispute that the liability here is because of bodily injury if we construe because of in a pure but for sense that there's a but for but for the bodily injury there would be no liability here so what what is it that because of means here that is something other than but for causes it does it mean proximate cause does it mean bodily injury caused by the insured how do you want us to read because of I think because of needs to be read in conjunction with the language that accompanies it my question is what what then what is the answer yeah yes I I feel that because of within that language is expressing that this insuring agreement is one that applies to suit seeking damage premised on the insured's liability because of the bodily injury that is it's it's premised on for instance within this case and like the circumstances of the horseman's benevolent case of california the water park may be facing in this case the liability and damages because of bodily injury allegedly to the child but that's that's not what's going on here for well before the bodily injury allegedly to the child this traces back to services provided allegedly provided by blister foyer and huggins for putting an insurance policy in place and allegedly it was a policy that was insufficient but if it was insufficient it was insufficient from its inception before the bodily injury this this comes back to activities and conduct this associated with the bottom and and I think that to focus solely on because of without giving thought to the remainder of the insuring agreement and the purpose of the insuring agreement an insuring agreement that is under the title bodily injury and property damage an insuring agreement that is addressing coverage for the liability of the insured I think myopically focusing on because of and looking to how that was interpreted in cases such as those dealing with title 7 of the civil rights act it would it would generate an unreasonably overbroad interpretation of the policy reaching to circumstances not intended by the policy in its insuring agreement to think a bit about your malpractice analogy analogy judge miller I'd like to give that some thought he indicated that it correct me if I'm wrong the the the analogy or the hypothesis excuse me the the the situation there would be malpractice because of a subject matter other than bodily injury right a case other than bodily injury I'd like to think about that further and this this relates to you you are you're over your time so you oh I'm sorry you can wrap that you can um I think it would be a very unintentional result for the policy to provide coverage for lawyers malpractice if the case that they handled was a personal injury case as opposed to a case that was for securities like that's just a very unintentional result it has to be tighter than that all right thank you thank you Mr. Rooney Mr. Ahmad you have uh two and a half minutes for rebuttal thank you I want to pick up with your question judge Miller because I think it highlights the problem we face here with the district court's ruling and allies position um you asked a straightforward question which is because of doesn't mean what we say it means what does it and and I'm not sure we heard the answer to that that that has to be one of the reasons why under Oregon law you start and end with plain meaning if you can determine what the plain meaning is it can't be something tighter than that it can't be respectfully proximate causation because those aren't the words used and because of there's been no authority cited under which because of has been equated with proximate causation nor can it be what the district court did which is to impose a requirement that the bodily injury uh be caused by the insured because that's inconsistent with the plain language of the words that allied chose to use now interestingly elsewhere in the policy when allied wanted this limitation that the wrongdoing is by the insured it says so we we refer to the employee benefits coverage under that provision it's the same policy under that provision allied says the coverage is available only if among other requirements you have an act or omission by the insured if the causation here had to be by the insured why didn't allied copy and paste that language into the part of the district court below in the briefing here or this morning allied has provided us no answer to that second thing is we've heard about what the parties intended there's nothing in the record about what allied intended uh the only thing we have to go off of is the terms that they decided to use in the policy and again Oregon law says you start with the plain meaning if it's clear you stop the plain meaning finally the idea that the plain meaning is different from what was said in Bostock which we think is wrong Bostock did involve title 7 but it didn't turn on any particular involving title 7 the court there looked at the dictionary the same dictionaries we're pointing you to here in addition we've pointed to case law that has followed the same but for causation in a involving asbestos removal and others that are in the briefing the plain meaning controls because we're not relying on any technical definition unique to this particular provision see that I've run out of my time so I'll stop there unless there are other questions okay thank you council I thank both council for their helpful arguments this morning and the case is submitted well you
judges: O'SCANNLAIN, MILLER, LEE